Le May, Respondent, vs. Renier, Appellant.

*February 15—March 11, 1924.*

*Replevin: For dead body: Waiver of return by excepting to surety on bond: Moot questions.*

1. Defendant, in an action of replevin, by excepting to the sufficiency of the sureties on a replevin bond, thereby waived any claim to a return of the property, under sec. 2721, Stats. p. 321.
2. The question whether replevin will lie for a dead body is moot and will not be considered, since in this case plaintiff has waived any right she had to the return of the body. p. 322.

Appeal from an order of the circuit court for Oconto county: W. B. Quinlan, Circuit Judge. *Dismissed.*

This is an action in replevin brought by the plaintiff for

Le May v. Renier, 183 Wis. 320.

the recovery of the body of her deceased brother. The writ of replevin issued out of the circuit court. The body was taken by the officer and delivered to the plaintiff. The defendant appeared specially and made a motion to vacate the proceedings and that the same be held for naught, on the ground that the undertaking had not been approved by the sheriff as required by statute; that the affidavit upon which the writ issued failed to state facts sufficient for the issuance of the writ; that replevin will not lie upon the facts as therein stated; and further, the defendant moved that "the property taken by the said sheriff under the said requisition be restored by him to the said defendant," and for such other and further relief as may be just and equitable. The defendant excepted to the sufficiency of the sureties upon the undertaking. The motions were severally overruled by the court, to which the defendant excepted and thereafter appealed, from the order of the court overruling such motions.

*Irving Breakstone* of Oconto, for the appellant.

For the respondent there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *Walter F. Kuzenski.*

CROWNHART, J. The appellant claims that the lower court has no jurisdiction in that there was no property subject to the writ, and that the defendant did not appear generally in the action. The record discloses, however, that defendant did appear generally by asking for affirmative relief. The main contention in this case is that the plaintiff had, and could have, no property in the dead body of her brother for which a replevin would lie.

This might present an interesting question for discussion were it properly before us. But it is not properly here. It is admitted that defendant had no right to the possession of the body, and by excepting to the sufficiency of the sureties on the bond she waived any claim for return of the body.

Sec. 2721, Stats. The questions here presented are moot and will not be entertained by this court. See "Moot," 2 Bouv. Law Dict. 2245, and cases cited.

*By the Court.*—The appeal is dismissed, with costs to the respondent.